**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| GAIL BECKER, derivatively on behalf of NEKTAR THERAPEUTICS,<br><br>          Plaintiffs,<br>     v.<br><br>HOWARD W. ROBIN, GIL M. LABRUCHERIE, JEFF AJER, ROBERT B. CHESS, R. SCOTT GREER, LUTZ LINGNAU, ROY A. WHITFIELD, and KARIN EASTHAM,<br><br>          Defendants,<br>     and<br><br>NEKTAR THERAPEUTICS,<br><br>          Nominal Defendant. | Case No. 3:20-cv-1280-RS |
| ALLISON HUNT, derivatively on behalf of NEKTAR THERAPEUTICS,<br><br>          Plaintiffs,<br>     v.<br><br>HOWARD W. ROBIN, GIL M. LABRUCHERIE, JEFF AJER, ROBERT B. CHESS, R. SCOTT GREER, LUTZ LINGNAU, ROY A. WHITFIELD, and KARIN EASTHAM,<br><br>          Defendants,<br>     and<br><br>NEKTAR THERAPEUTICS,<br><br>          Nominal Defendant. | Case No. 3:20-cv-1088-JST |

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING
RELATED ACTIONS AND APPOINTING LEAD COUNSEL

**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING
RELATED ACTIONS AND APPOINTING LEAD COUNSEL**

Plaintiffs Gail Becker ("Becker") and Allison Hunt ("Hunt" and, together with Becker, "Plaintiffs"), Nominal Defendant Nektar Therapeutics ("Nektar"), and Defendants Howard W. Robin, Gil M. Labrucherie, Jeff Ajer, Robert B. Chess, R. Scott Greer, Lutz Lingnau, Roy A. Whitfield, and Karin Eastham (collectively, "Defendants" and, with both Nektar and Plaintiffs, the "Parties"), stipulate as follows:

WHEREAS, on February 11, 2020, Hunt filed a Verified Stockholder Derivative Complaint in the United States District Court for the Northern District of California against Defendants, seeking to remedy, derivatively on behalf of Nektar, alleged violations of Section 14(a) of the Securities Exchange Act of 1934 (and SEC Rule 14a-9), breaches of fiduciary duty and insider sales and misappropriation of information (the "Hunt Action");

WHEREAS, on February 20, 2020, Becker filed a Verified Stockholder Derivative Complaint in the United States District Court for the Northern District of California against Defendants, seeking to remedy, derivatively on behalf of Nektar, alleged violations of Section 14(a) of the Securities Exchange Act of 1934 (and SEC Rule 14a-9), breaches of fiduciary duty and insider sales and misappropriation of information (the "Becker Action");

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Becker Action and Hunt Action (together, the "Actions") involve common questions of law and fact and should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Actions, Plaintiffs agree that Bragar Eagel & Squire, P.C. and Hynes & Hernandez LLC, the respective resumes of which are attached hereto as Exhibits 1 and 2, shall be designated as Co-Lead Counsel representing Plaintiffs in the consolidated action;

WHEREAS, Defendants take no position with respect to the leadership of the consolidated action on behalf of Plaintiffs; and

WHEREAS, no prior stipulations or requests for extensions of time have been filed.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1. The Becker Action and the Hunt Action are hereby consolidated for all purposes, including pre-trial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a), under Case No. 20-cv-1088 (the "Consolidated Action").

2. All new papers filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

| | |
|---|---|
| IN RE NEKTAR THERAPEUTICS DERIVATIVE LITIGATION | Case No. 20-cv-1088 |

3. All papers filed in connection with the Consolidated Action will be maintained in one file under Case No. 20-cv-1088.

4. The law firms of Bragar Eagel & Squire, P.C. and Hynes & Hernandez, LLC shall serve as Co-Lead Counsel for Plaintiffs in the Consolidated Action.

5. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the Consolidated Action and to avoid duplicative or unproductive effort.

6. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by Plaintiffs except through Co-Lead Counsel.

7. Defendants and Nektar's counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

8. This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Action, which is subsequently filed in, remanded to, reassigned to, or transferred to this Court. When a derivative case that properly belongs as part of *In re Nektar Therapeutics Derivative Litigation*, Case No. 20-cv-1088, is hereafter filed in this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of any case that might properly be consolidated as part of the Consolidated Action, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

9. Pending the filing or designation of a consolidated amended complaint in this Consolidated Action, Defendants need not answer, move, or otherwise respond to the complaints filed already filed by Becker or Hunt.

10. On or before July 1, 2020, Plaintiffs shall file a consolidated complaint in the Consolidated Action.

11. On or before September 1, 2020, Defendants shall answer, move, or otherwise respond to the Consolidated Amended Complaint.

12. If Defendants move to dismiss the Consolidated Amended Complaint, Plaintiffs shall file any papers in opposition on or before October 15, 2020, and Defendants shall file any reply papers in further support of their motion on or before November 16, 2020.

13. This Stipulation is without prejudice to any and all defenses Defendants may assert in this or any of the above-referenced actions and without prejudice to any and all claims Plaintiffs may assert.

IT IS SO STIPULATED.

Dated:  April 29, 2020    **BRAGAR EAGEL & SQUIRE, P.C.**

By: /s/ *W. Scott Holleman*
W. Scott Holleman
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 365-7149

*Attorneys for Plaintiff Allison Hunt*

Dated:  April 29, 2020    **BRAGAR EAGEL & SQUIRE, P.C.**

By: /s/ *W. Scott Holleman*
W. Scott Holleman
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 365-7149

OF COUNSEL:

HYNES & HERNANDEZ, LLC
Michael J. Hynes
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-9273

*Attorneys for Plaintiff Gail Becker*

Dated: April 29, 2020    **SIDLEY AUSTIN LLP**

By: /s/ *Matthew J. Dolan*
Matthew J. Dolan
1001 Page Mill Road Building 1
Palo Alto, CA 94304
Telephone: (650) 565-7106

*Attorneys for Nektar and Defendants*

**[PROPOSED] ORDER**

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

DATED: May 11, 2020

_____
UNITED STATES DISTRICT JUDGE
Jon S. Tigar

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING
RELATED ACTIONS AND APPOINTING LEAD COUNSEL