1  Sara B. Brody (SBN 130222)
   sbrody@sidley.com
2  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
3  San Francisco, CA 94104

4  Matthew J. Dolan (SBN 291150)
   mdolan@sidley.com
5  SIDLEY AUSTIN LLP
   1001 Page Mill Road, Building 1
6  Palo Alto, CA 94304
   Telephone: (650) 565-7000
7
   Robin Wechkin (admitted pro hac vice)
8  rwechkin@sidley.com
   SIDLEY AUSTIN LLP
9  1420 Fifth Avenue, Suite 1400
   Seattle, WA 98101
10 Telephone: (415) 739-1799

11 *Attorneys for Nominal Defendant Nektar*
   *Therapeutics and the Individual Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE NEKTAR THERAPEUTICS DERIVATIVE LITIGATION<br><br>This filing relates to ALL ACTIONS | Case No. 4:20-cv-01088-JSW<br><br>**STIPULATION AND [PROPOSED] ORDER RE DEFENDANTS' RESPONSE TO PLAINTIFFS' CONSOLIDATED STOCKHOLDER DERIVATIVE COMPLAINT**<br><br>Honorable Jeffrey S. White |

Pursuant to Civil Rule 7-12, this Stipulation and Proposed Order are submitted by all parties in this action:

- Plaintiffs Allison Hunt and Gail Becker (Plaintiffs);
- Nominal Defendant Nektar Therapeutics (Nektar); and
- Defendants Jeff Ajer, Robert Chess, R. Scott Greer, Karin Eastham, Lutz Lignau, Howard Robin, Roy Whitfield, Christopher Kuebler, Dennis Winger, Stephen Doberstein, Ivan Gergel, John Nicholson, Gil Labrucherie, Mary Tagliaferri, Jillian Thomsen and Jonathan Zalevsky (the Individual Defendants).

**WHEREAS:**

1. On July 1, 2020, Plaintiffs filed their Consolidated Stockholder Derivative Complaint, Dkt. No. 29 (Consolidated Complaint).

2. Seven of the 16 Individual Defendants were named for the first time in the Consolidated Complaint. The remaining nine Individual Defendants had previously been named in the two predecessor complaints (*Hunt v. Nektar Therapeutics* and *Becker v. Nektar Therapeutics*) that were consolidated into the present action.

3. On July 31, 2020, Plaintiffs provided counsel for the seven newly-named Individual Defendants with requests for service waivers. Pursuant to the service waiver requests, these seven Individual Defendants' response to the Consolidated Complaint is due September 29, 2020.

4. The response date for Nektar and the nine Individual Defendants previously named in the pre-consolidated complaints is different. These Defendants previously stipulated with Plaintiffs to respond to the Consolidated Complaint by September 1, 2020. The Court signed the parties' stipulation on May 11, 2020, Dkt. No. 16.

5. In order to ensure optimal efficiency and to eliminate the possibility of confusion, Plaintiffs and Defendants have agreed to adopt a single schedule governing the response dates of all 17 Defendants in this action.

6. Counsel for Defendants have advised counsel for Plaintiffs that Nektar intends to move for dismissal under Federal Rules 12(b)(6) and 23.1 on the ground that Plaintiffs have neither made a pre-litigation demand on Nektar's board of directors nor demonstrated that demand

1

STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER RE DEFENDANTS' RESPONSE TO CONSOLIDATED DERIVATIVE COMPLAINT
CASE NO. 4:20-cv-01088-JSW

would have been futile.

7. Further in the interest of efficiency, Plaintiffs and Defendants have agreed to stage Nektar's and the Individual Defendants' anticipated motions to dismiss. That is, the Individual Defendants need not respond to the Consolidated Complaint until after Nektar has filed its motion to dismiss on demand futility grounds, the demand motion has been fully briefed, and the Court has issued a ruling on the demand motion.

8. Plaintiffs and Defendants have agreed on the following deadlines for the briefing of Nektar's demand motion and the Individual Defendants' response to the Consolidated Complaint.

- September 29, 2020: due date for Nektar's motion to dismiss on demand grounds
- November 12, 2020: due date for Plaintiffs' opposition to Nektar's demand motion
- December 14, 2020: due date for Nektar's reply in support of demand motion
- January 8, 2021: hearing date on Nektar's demand motion
- 30 days from the Court's order on Nektar's demand motion, if the Court denies the motion: due date for the Individual Defendants to move to dismiss or answer complaint

9. If the Court grants Nektar's demand motion, the Defendants will not oppose a request by Plaintiffs to file an amended complaint.

10. Finally, the parties have met and conferred about the length of the briefs on Nektar's anticipated demand motion. Although Civil Local Rules 7-2 and 7-3 allow for the filing of briefs up to 25 pages long, this Court's Civil Standing Order limits briefs on motions to dismiss to 15 pages.

11. The Consolidated Complaint is 75 pages long and contains 178 paragraphs. Because it is a derivative complaint, it is governed by the special pleading rules of Federal Rule of Civil Procedure 23.1.

12. Given the number and complexity of the issues in Nektar's anticipated demand motion, Plaintiffs and Defendants have agreed that Nektar should be permitted to file an opening brief of 25 pages and Plaintiffs to file an opposition brief of 25 pages (with these page limitations to be exclusive of title pages, tables and summaries of argument).

2
STIPULATION AND [PROPOSED] ORDER RE DEFENDANTS' RESPONSE TO CONSOLIDATED DERIVATIVE COMPLAINT
CASE NO. 4:20-cv-01088-JSW

| | |
|---|---|
| 1 | **IT IS THEREFORE STIPULATED AND AGREED** by Plaintiffs and Defendants that, |
| 2 | subject to the Court's approval, the timing and page limits for Defendants' responses to the |
| 3 | Consolidated Complaint are as follows: |

**Timing of responses:**

- The response deadlines previously set forth in Dkt. No. 16 are vacated.
- Nektar must file its anticipated demand motion by September 29, 2020. During the pendency of the demand motion, no Individual Defendant will be required to respond to the Consolidated Complaint.
- Plaintiffs must file their opposition to Nektar's demand motion November 12, 2020.
- Nektar must file its reply in support of its demand motion by December 14, 2020.
- Nektar's demand motion will be noted on the Court's calendar for January 8, 2021.
- If the Court denies Nektar's demand motion, the Individual Defendants' response to the Consolidated Complaint will be due 30 days after the Court issues that order.

**Length of briefs on demand motion:**

- Nektar may file an opening brief in support of its demand motion of 25 pages, exclusive of title pages, tables and summary of argument.
- Plaintiffs may file an opposition to Nektar's demand motion of 25 pages, exclusive of title pages, tables and summary of argument.
- Nektar may file a reply brief in support of its demand motion that conforms with paragraph 7 of this Court's Civil Standing Order.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| 1 | DATED: September 1, 2020 | By: /s/ *Sara B. Brody* |
| 2 | | Sara B. Brody (SBN 130222) |
| 3 | | sbrody@sidley.com<br>SIDLEY AUSTIN LLP |
| 4 | | *Attorneys for Nominal Defendant Nektar* |
| 5 | | *Therapeutics and the Individual Defendants* |
| 6 | | By: /s/ *W. Scott Holleman* |
| 7 | | W. Scott Holleman (SBN 310266) |
| 8 | | holleman@bespc.com<br>Melissa A. Fortunato (SBN 319767) |
| 9 | | fortunato@bespc.com<br>BRAGAR EAGEL & SQUIRE, P.C. |
| 10 | | 580 California Street, Suite 1200<br>San Francisco, CA 94014 |
| 11 | | Telephone: (415) 568-2124 |
| 12 | | *Attorneys for Plaintiffs* |

4

STIPULATION AND [PROPOSED] ORDER RE DEFENDANTS' RESPONSE TO CONSOLIDATED DERIVATIVE COMPLAINT
CASE NO. 4:20-cv-01088-JSW

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: September 2, 2020

_____
Honorable Jeffrey S. White
United States District Judge